Rachel E. Hobbs (SBN CA 186424)
Rachel.hobbs@fmglaw.com
FREEMAN MATHIS & GARY, LLP
550 South Hope Street, Suite 2200
Los Angeles, CA 90071-2631
Telephone:    213.615.7061

Attorneys for Plaintiff UNITED SPECIALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RUBEN EXPRESS, INC., a California corporation; YADWINDER SINGH, individually; CODY WOLFE, an individual,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY RELIEF |

Plaintiff UNITED SPECIALTY INSURANCE COMPANY hereby alleges as follows:

**JURISDICTION**

1.     Plaintiff UNITED SPECIALTY INSURANCE COMPANY ("UNITED SPECIALTY") is an insurance company organized and existing under the laws of the State of Delaware with its principal place of business in Texas.  Prior to the filing of this action, UNITED SPECIALTY has complied with all applicable requirements both to engage in the business of insurance, as well as to file this action.

1

Case No. _____
UNITED SPECIALITY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

2.     Defendant RUBEN EXPRESS, INC. ("RUBEN EXPRESS") is a corporation organized and existing under the laws of the state of California with its principal place of business in California.

3.     Defendant YADWINDER SINGH ("SINGH") is an individual and a citizen of the state of California.

4.     Upon information and belief, Defendant CODY WOLFE ("WOLFE") is an individual and a citizen of the state of Maryland.  WOLFE is a potential judgment creditor, and as such, is named herein as a defendant solely for the purpose of binding him to any judgment.

5.     This court has jurisdiction of this matter under 28 U.S.C. § 1332 (diversity) because this is a civil action between citizens of different states and the amount in controversy, *i.e.*, the cost to defend and indemnify the INSUREDS in the Underlying Action (defined below), exceeds $75,000, exclusive of interest and costs.

6.     This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because the subject matter of plaintiff's claim involves interstate commerce and the interpretation and application of federal statutes and regulations.  The resolution of the parties' controversy depends upon 49 U.S.C. §13501 (Department of Transportation jurisdiction over motor carriers), 49 C.F.R. §387.7 (MCS-90 endorsement), and 49. C.F.R. §390.5 (Federal Motor Carrier Safety Regulations definitions).

7.     In addition, an actual controversy exists between the plaintiff and defendants within the jurisdiction of this Court, and plaintiff is entitled to a Declaratory Judgment under 28 U.S.C. §§ 2201-2202.

8.     To the extent state law claims regarding insurance policy interpretation are present herein, the Court has supplemental jurisdiction over them pursuant to 29 U.S.C. § 1367(a).

9.     Venue is proper in this district under 28 U.S.C. § 1391(b) because the insurance Policy at issue was entered into and delivered to RUBEN EXPRESS in the Eastern District of California.

2

Case No. _____
UNITED SPECIALITY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

## THE SUBJECT ACCIDENT

10. As regards the Accident, the Maryland State Police prepared a motor vehicle crash report which states that the Accident occurred on October 18, 2019 in Carroll County, Maryland. The report indicates that SINGH was traveling northbound on Ridge Road in a 2018 Volvo tractor owned by RUBEN EXPRESS ("Subject Tractor"). SINGH was traveling behind a 2014 Toyota Prius being driven by WOLFE in which SOTO was a passenger. According to the police report, WOLFE activated his left turn signal and came to a stop to turn onto Bond Street, when SINGH failed to stop and struck the rear of WOLFE's vehicle. The police report further states that the impact pushed WOLFE's vehicle into oncoming traffic and head on into a 2017 Chevy Tahoe being driven by GRUENTZEL. WOLFE and SOTO reported injuries as a result of the collision.

11. SINGH was listed as an Excluded Driver under the Named Driver Exclusion of RUBEN EXPRESS' Policy with UNITED SPECIALTY. Therefore, there is a complete bar to coverage under the UNITED SPECIALTY Policy.

## THE UNDERLYING ACTION

12. On July 28, 2021, WOLFE filed a lawsuit styled *Cody Wolfe v. Yadwinder Singh, Ruben Express, Inc., and United Specialty Insurance Company* in the Carroll County Circuit Court for the State of Maryland ("Underlying Action"). The Underlying Action alleges that the acts of defendants on October 18, 2019 were negligent and were the proximate cause of damages and injuries to plaintiff. According to the Underlying Action, YADWINDER SINGH operated the motor vehicle, RUBEN EXPRESS owned the vehicle and employed YADWINDER SINGH and/or entrusted the vehicle to him. The Underlying Action contains a cause of action for negligence against SINGH and a cause of action attributing SINGH's liability to RUBEN EXPRESS under an agency theory. Further, even though Maryland prohibits direct actions by plaintiffs against a defendant's liability insurer (*Washington Metro. Area Transit Auth. v. Queen*, 597 A.2d 423, 425-26 (Md. 1991)), WOLFE brings a cause of action against UNITED SPECIALTY alleging that UNITED SPECIALTY wrongfully attempted to disclaim its coverage obligations to RUBEN EXPRESS and/or SINGH due to the presence of the MCS-90 Endorsement

1  in its Policy.

## THE POLICY

13. UNITED SPECIALTY issued commercial auto policy no. GWP50952 00 to named insured Ruben Express Inc, effective August 3, 2019, to August 3, 2020 ("Policy"):

POLICY NUMBER: GWP50952 00                                    IL DS 00 09 08

### COMMON POLICY DECLARATIONS

| UNITED SPECIALITY INSURANCE COMPANY | NTA GENERAL INSURANCE AGENCY |
| PO BOX 24622 | 333 NORTH CANYONS PARKWAY – SUITE 225 |
| FORT WORTH, TX 76124 | LIVERMORE, CA 94551 |

NAMED INSURED: RUBEN EXPRESS INC
MAILING ADDRESS: P O BOX 40326
                 BAKERSFIELD CA 93384
POLICY PERIOD: FROM 08/03/2019 TO 08/03/2020 AT 12:01 A.M. STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE

14. The UNITED SPECIALTY Policy states that it will provide coverage to an "insured" for injury or damage resulting from the use, operation, or maintenance of a covered "auto":

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A.    Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

15. The Policy defines the following relevant terms as used throughout the Policy:

**SECTION VI - DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means:

    1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

    2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

    However, "auto" does not include "mobile equipment".

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

. . .

**F.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

. . .

**J.** "Loss" means direct and accidental loss or damage.

. . .

**L.** "Motor carrier" means a person or organization providing transportation by "auto" in the furtherance of a commercial enterprise.

. . .

**P.** "Suit" means a civil proceeding in which:

    **1.** Damages because of "bodily injury" or "property damage" or

    **2.** A "covered pollution cost or expense" to which this insurance applies, are alleged.

    "Suit" includes:

        **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

        **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expense" are claimed and to which the "insured" submits with our consent.

16. The Named Driver Exclusion reads:

POLICY NUMBER: NTA39975        EFFECTIVE DATE: 08/03/2019

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

## NAMED DRIVER EXCLUSION

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

| Name of Excluded Driver: | Driver's License Number: | Driver's Date of Birth: |
|---|---|---|
| YADWINDER SINGH | Y2179282 | 03/10/1983 |

We will not pay for any claim arising from an "Accident" or "Loss" which occurs while a covered "Auto" is being driven or operated, either with or without your permission, by the person listed above as an Excluded Driver.

"The application of this exclusion to the "Loss" acts as a **complete bar to coverage in its entirety** for the person listed above as the Excluded Driver, the Named Insured, any Additional Insured and/or any other person or organization."

None of the coverages provided by the policy apply to any injury, "Loss" or damage sustained by any "Insured" or any other person or organization because of the "Accident" when the Excluded Driver named above is involved in an "Accident" while operating a covered "Auto". If we should be obligated to pay for any loss incurred while the Excluded Driver is operating a covered "Auto" in order to comply with compulsory insurance, financial responsibility or no fault law, you agree to reimburse us for all such payments and expense.

You also agree this endorsement will serve as a rejection of uninsured/underinsured motorist coverage and personal injury protection coverage while a covered "Auto" or any other motor vehicle is operated by the Excluded Driver.

This endorsement applies as of the effective date of the policy to which it is attached unless another date is shown as the effective date.

Accepted by: _BINDER_ (DocuSigned by CA2725FAF3AA483)    Date: 8/2/2019 | 4:41 PM PDT
(Named Insured/Insured's Representative Signatures)

CA2 25 02 01 15

17.    Further, the Schedule of Drivers reads:

| SCHEDULED DRIVERS | | | |
|---|---|---|---|
| Driver | Date of Birth | Drivers License | Notes |
| 1  NIRMALJEET  SINGH | | | |
| 2  YADWINDER  SINGH | | | EXCLUDED |
| 3  DEVINDER  SINGH | | | |
| 4  YASHKARAN DEEP SINGH | | | |
| 5  BINDER  SINGH | | | EXCLUDED |
| 6  SYED  SHAH | | | EXCLUDED |
| 7  GURSHAN  GILL | | | EXCLUDED |

18. The Policy also contains an MCS-90 Endorsement, which is required under Section 29 and 30 of the Federal Motor Carrier Act of 1980 and is not "insurance" but is rather akin to a surety bond for injured members of the public. The MCS-90 endorsement reads, in pertinent part:

> [T]he insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo.
>
> * * *
>
> The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

Therefore, the Policy contains an MCS-90 endorsement that affords up to $750,000 for injured members of the public. By its terms, the MCS-90 only applies to or use of motor vehicles "subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980," meaning vehicles used by interstate motor carriers for the transportation of

7

Case No. _____
UNITED SPECIALITY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF

property for hire.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief - Duty to Indemnify)

19. UNITED SPECIALTY reincorporates and re-alleges each and every allegation set forth above, inclusive, as though fully set forth herein.

20. UNITED SPECIALTY has no duty to pay any settlement or judgment in the Underlying Action because the Underlying Complaint and extrinsic evidence indicate that an Excluded Driver, namely Yadwinder Singh, was operating the Subject Tractor at the time of the accident.

21. As set forth above, the Policy specifically lists SINGH as an Excluded Driver. The Named Driver Exclusion "acts as a **complete bar to coverage in its entirety** for the person" listed as an Excluded Driver, along with "the Named Insured," in the event of any "'Loss' which occurs while a covered 'Auto' is being driven or operated, either with or without your permission, by the person listed above as an Excluded Driver." Further, the Named Driver Exclusion requires RUBEN EXPRESS to reimburse UNITED SPECIALTY in the event UNITED SPECIALITY is "obligated to pay for any loss incurred while the Excluded Driver is operating a covered 'Auto' in order to comply with compulsory insurance," such as the MCS-90 Endorsement.

22. A judicial declaration is necessary and appropriate at this time under the circumstances in order that the availability of funds to pay any judgment or settlement may be known and thus facilitate a resolution of the Underlying Action.

WHEREFORE, UNITED SPECIALTY requests the court enter judgment in its favor as set forth below.

## SECOND CLAIM FOR RELIEF

### (For Declaratory Relief - Duty to Defend)

23. UNITED SPECIALTY reincorporates and re-alleges each and every allegation set forth above, inclusive, as though fully set forth herein.

24. UNITED SPECIALTY has no duty to defend any party in the Underlying Action

because the facts alleged in the complaint of the Underlying Action raise no potential for coverage under the Policy. The Complaint in the Underlying Action and available extrinsic evidence indicate that an Excluded Driver, Yadwinder Singh, was operating the Subject Tractor at the time of the accident.

25. As set forth above, the Policy specifically excludes SINGH as a driver and states that there is a "**complete bar to coverage in its entirety**" for SINGH, along with RUBEN EXPRESS as the Named Insured. As such, there is no potential for coverage under the Policy and RUBEN EXPRESS and SINGH are owed no duty to defend.

26. WHEREFORE, UNITED SPECIALTY requests that the court enter judgment in its favor as set forth below.

## THIRD CLAIM FOR RELIEF

### (Public Liability)

27. UNITED SPECIALTY reincorporates and re-alleges each and every allegation set forth above, inclusive, as though fully set forth herein.

28. The Policy includes an MCS-90 Endorsement mandated by the Federal Motor Carrier Safety Regulations, Title 49, §§ 387.7 and 387.9, which requires a motor carrier, such as RUBEN EXPRESS, through its policies of insurance, to have in effect "minimum levels of financial responsibility" to protect the general public.

29. The MCS-90 Endorsement, by its terms and pursuant to the provisions of §§ 387.7 and 387.9 of the Federal Motor Carrier Safety Regulations, operates only as a surety for a final judgment against the named insured of up to $750,000 where no other coverage is available for accidents involving the transportation of non-hazardous materials.

30. The MCS-90 Endorsement is not intended to be, nor is it, a type of insurance policy, underinsured policy, or umbrella policy.

31. The MCS-90 Endorsement expressly provides that UNITED SPECIALTY is entitled to seek reimbursement from the insured of amounts paid under the Endorsement that are not otherwise owed under the Policy.

32. Since the MCS-90 is not insurance, it does not impose any obligation to the insured such as a duty to defend or duty to settle.

33. UNITED SPECIALTY seeks a Declaration that, at best, it could owe up to $750,000 under the MCS-90 for any final judgment secured against its named insured RUBEN EXPRESS.

34. A judicial declaration is necessary and appropriate at this time under the

35. circumstances in order that the availability of funds to pay any judgment or settlement may be known and thus facilitate a resolution of the Underlying Actions.

## **PRAYER**

WHEREFORE, plaintiff UNITED SPECIALTY demands judgment against defendants as follows:

1. For a declaration that UNITED SPECIALTY has no duty to defend the Underlying Action;

2. For a declaration that UNITED SPECIALTY has no duty to indemnify for any settlement or judgment in the Underlying Action;

3. For a declaration that, at best, UNITED SPECIALTY can only be responsible under the MCS-90 Endorsement for payment toward any final judgment secured against its named insured in the maximum amount of $750,000;

4. For costs incurred in this action;

5. For such other and further relief as the Court deems just and proper.

DATED: March 14, 2023                FREEMAN MATHIS & GARY, LLP

By: _____
RACHEL E. HOBBS
Attorneys for Plaintiff UNITED SPECIALTY
INSURANCE COMPANY

10

Case No. _____
UNITED SPECIALITY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF