UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RUBEN EXPRESS, INC., YADWINDER SINGH, CODY WOLFE, and ELIJAH SOTO,<br><br>Defendants. | Case No. 1:23-cv-00383-JLT-CDB<br><br>ORDER VACATING SCHEDULING CONFERENCE AND REQUIRING PLAINTIFF TO REQUEST ENTRY OF DEFAULTS BY CLERK OF COURT<br><br>**14-DAY DEADLINE**<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO PROSECUTE THIS ACTION AND TO COMPLY WITH THE COURT'S ORDERS<br><br>**7-DAY DEADLINE** |

On March 14, 2023, Plaintiff United Specialty Insurance Company initiated this action with its filing of a complaint against Defendants Ruben Express, Inc. ("Ruben Express"), Yadinder Singh and Cody Wolfe. (Doc. 1). That same date, the Clerk of Court issued summonses and the Court entered an Order setting a mandatory scheduling conference. (Docs. 3, 4.) The Order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." The Order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." Plaintiff filed proofs of service as to Defendants Ruben Express and

1

Singh only – neither Defendant has timely answered or appeared, and there is no indication Defendant Wolfe was served with the original complaint.

On May 10, 2023, Plaintiff filed an amended complaint that added Defendant Elijhah Soto. (Doc. 7). Despite the Court's admonition at the inception of the case regarding diligent pursuit of service followed by prompt filing of a return (*see* Doc. 4), there is no indication Defendant Soto was served with the first amended complaint.

Although Defendants Ruben Express and Singh have not timely answered or appeared in this action (*see* Fed. R. Civ. P. 12(a)(1)(A)(i)), Plaintiff has not requested entry of defaults (*see* Red. R. Civ. P. 55). In an effort to move the case forward without unnecessary delay (*see* Fed. R. Civ. P. 1), and pursuant to its authority to manage its docket, the Court will order Plaintiff to request from the Clerk of the Court by a date certain entry of defaults as to these two Defendants.

Separately, Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, under Rule 4(m) of the Federal Rules of Civil Procedure, a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed.

As to Defendants Wolfe and Soto, more than 90 days has passed since their respective summonses were issued. (Docs. 3, 8). Plaintiff has not filed proofs of service for Defendants Wolfe and Soto, and under Rule 4(m), they must be dismissed from this action absent a showing of good cause by Plaintiff for its failure to timely perfect service. *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013).

Based on the foregoing, IT IS HEREBY ORDERED that the scheduling conference set for August 31, 2023 be VACATED (Doc. 10).

///

IT IS FURTHER ORDERED, <u>**within 14 days**</u> of service of this order, Plaintiff **SHALL** file applications seeking the entry of defaults by the Clerk of Court against all defaulted Defendants (Ruben Express and Singh).

IT IS FURTHER ORDERED, <u>**within 7 days**</u> of service of this order, Plaintiff **SHALL** show cause in writing why sanctions should not be imposed for Plaintiff's failure to prosecute this action and to serve the summonses and complaint in a timely manner as to Defendants Wolfe and Soto.  Alternatively, Plaintiff may satisfy this Order to Show Cause with the filing of proofs of service as to these Defendants demonstrating the summons and complaint has been served.

**Failure to comply with the Court's order may result in the imposition of sanctions, including financial sanctions and dismissal of the action, under Local Rule 110.**

IT IS SO ORDERED.

Dated:   **August 21, 2023**

UNITED STATES MAGISTRATE JUDGE