Rachel E. Hobbs (SBN CA 186424)
Rachel.hobbs@fmglaw.com
FREEMAN MATHIS & GARY, LLP
550 South Hope Street, Suite 2200
Los Angeles, CA 90071-2631

Telephone:  213.615.7061

Attorneys for Plaintiff UNITED SPECIALTY
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RUBEN EXPRESS, INC., a California corporation; YADWINDER SINGH, individually; CODY WOLFE, an individual; ELIJAH SOTO, an individual,<br><br>Defendants. | Case No. 1:23-cv-00383-JLT-CDB<br><br>NOTICE OF UNITED SPECIALTY INSURANCE COMPANY'S COUNTER APPLICATION/MOTION FOR DEFAULT JUDGMENT BY THE COURT AGAINST DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>FRCP 55(b)(2)]<br><br>Hearing:  December 8, 2023<br>Time:      10:30 AM<br>Place:     Bakersfield Fed. Courthouse<br>              510 19th Street<br>              Suite 200<br>              Bakersfield, CA  93301<br>Magistrate Judge Christopher D. Baker<br><br>*Filed concurrently with Request for Judicial Notice; Compendium of Evidence; Declaration of Rachel Hobbs; Declaration of J. Gary Glenn; and [Proposed] Order Granting Motion for Default Judgment]* |

*Freeman Mathis & Gary, LLP*
ATTORNEYS AT LAW

1

Comp. Filed:  3/14/23
FAC Filed:  5/10/23

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN**:

PLEASE TAKE NOTICE of plaintiff UNITED SPECIALTY INSURANCE COMPANY's ("UNITED SPECIALTY") application/motion for a default judgment against all defendants, namely:  (1) RUBEN EXPRESS, INC.; (2) YADWINDER SINGH;  (3) CODY WOLFE; (4) ELIJAH SOTO (collectively, "Defendants").  The motion is presently calendared for hearing on December 8, 2023,  at 10:30 a.m. in Suite  200 of the above-captioned Court, located at 510 19th Street, Bakersfield, California  93301.

The Clerk of this Court has previously entered the defaults of the defendants, respectively, on August 22, 2023 (RUBEN EXPRESS) and September 29, 2023 (YADWINDER SINGH, CODY WOLFE, and ELIJAH SOTO).

Defendants are not infants, incompetent persons, in active duty military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

Defendants have not filed an answer or other response to the operative complaint in this action.

Notice of this action was served on defendants as required by Federal Rule of Civil Procedure 55(b)(2).

UNITED SPECIALTY is entitled to judgment against defendants (1) RUBEN EXPRESS, INC.; (2) YADWINDER SINGH; (3) CODY WOLFE; (4) ELIJAH SOTO on account of the following Claims for Relief pleaded in the operative First Amended Complaint (Request for Judicial Notice ("RJN"), ¶ 3, Compendium of Evidence ["Compendium"], Ex. 5):

2

Case No. 1:23-cv-00383-JLT-CDB
NOTICE OF UNITED SPECIALTY INSURANCE COMPANY'S COUNTER APPLICATION/MOTION FOR
DEFAULT JUDGMENT BY THE COURT AGAINST DEFENDANTS

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

- Declaratory Relief - Duty to Indemnify;
- Declaratory Relief - Duty to Defend; and
- Declaratory Relief - Public Liability

UNITED SPECIALTY requests judgment by this Court in the form of the following relief:

(1)    A declaration that UNITED SPECIALTY has no duty to defend the Underlying Action;

(2)    A declaration that UNITED SPECIALTY has no duty to indemnify for any settlement or judgment or judgment in the Underlying Action under the Policy;

(3)    A declaration that, at best, UNITED SPECIALTY can only be responsible under the MCS-90 Endorsement for payment toward any final judgment secured against its named insured in the maximum amount of $750,000.

If a hearing is required under Federal Rule of Civil Procedure 55(b)(2) to enable this Court to enter judgment or carry it into effect, or to establish the truth of any averment by evidence or to make an investigation of any other matter, UNITED SPECIALTY will appear before this Court, upon notice by this Court.

This application will be based on this Notice of Counter Application/Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Rachel E. Hobbs, the Declaration of J. Gary Glenn, the Request for Judicial Notice, the Compendium of Evidence and on such further argument and evidence as may be presented at the hearing. This application is also based on all of the pleadings and other documents on file in this action.

Pursuant to this Court's standing Order (ECF # 4-2, 2, ¶ C,) counsel for UNITED SPECIALTY met and conferred with counsel for CODY WOLFE and ELIJAH SOTO by telephone on November 1, 2023 regarding UNITED SPECIALTY's position that a default judgment should be entered on its claims for

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

3

declaratory relief that 1) the policy does not apply and 2) at best up to $750,000 could be available for any final judgment against RUBEN EXPRESS under the MCS-90 regarding this motion. The parties were unable to informally resolve their differences. (Hobbs Decl., ¶ 20.)


                              Respectfully submitted,

DATED:  November 1, 2023      FREEMAN MATHIS & GARY, LLP


                              By: _____
                              Attorneys for Plaintiff UNITED SPECIALTY
                              INSURANCE COMPANY

NOTICE OF UNITED SPECIALTY INSURANCE COMPANY'S COUNTER APPLICATION/MOTION FOR
DEFAULT JUDGMENT BY THE COURT AGAINST DEFENDANTS

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

## **TABLE OF CONTENTS\**

I.    INTRODUCTION.................................................................9

II.   RELEVANT FACTS .........................................................10

III.  PROCEDURAL HISTORY .................................................12

IV.   LAW AND ARGUMENT ...................................................14

    A.  Legal Standard .......................................................14

    B.  The Clerk of the United States District Court for the Eastern District of California has entered Defendants' Defaults.............................14

    C.  Defendants are Not Minors, Incompetent Persons, in the Active Duty Military Service or Otherwise Exempted by the Soldiers' and Sailors' Civil Relief Act of 1940.....................................15

    D.  The Motion to Vacate the Entry ofs Defaults Brought by CODY WOLFE AND ELLIJAH SOTO is Without Basis ...........................15

    E.  Under the *Eitel* Factors, UNITED SPECIALTY is Entitled to the Entry of a Default Judgment .........................................19

        1.  Possibility of Prejudice to the Plaintiffs .......................19

        2.  Sufficiency of the Complaint and the Likelihood of Success on the Merits ...............................................20

            a.  Jurisdiction is Adequately Pled.................................20

            b.  Under Applicable Law, United Specialty's Claim That There is No Coverage Is Sufficiently Pled and Meritorious ..................21

            c.  UNITED SPECIALTY Has Sufficiently Pled that at Best the MCS-90 Endorsement Could Apply to any Final Judgment Secured against RUBEN EXPRESS up to its $750,000 Limits ...............................................23

        3.  Sum of Money at Stake................................................24

        4.  Possibility of Disputed Material Facts...........................25

        5.  Whether the Default was Due to Excusable Neglect....................25

        6.  Policy of Deciding Cases on the Merits .......................26

V.    DEFENDANTS HAVE BEEN SERVED WITH NOTICE OF UNITED SPECIALITY'S APPLICATION FOR DEFAULT JUDGMENT BY THE COURT................................................................27

VI.   CONCLUSION .................................................................27

5

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

Cases

4

*Aldabe v. Aldabe*,
(9th Cir. 1980) 616 F.2d 1089.................................................................................14

5

*Arango v. Guzman Travel Advisors*,
(11th Cir. 1985) 761 F.2d 1527..............................................................................17

6

7

*Atain Specialty Ins. Co. v. All New Plumbing, Inc.,*
*et al.* (E.D. Cal. Aug. 5, 2019) 2019 WL 3543854..............................................22

8

*Carolina Cas. Ins. Co. v. Yeates* (10th Cir. 2009),
584 F.3d 868.  (RJN, ¶ 3; Compendium, Ex. 5, 11:23-24, ¶ 32.).....................23

9

*Certain Underwriters at Lloyd's of London v. Superior Court*,
(2001) 24 Cal. 4th 945..........................................................................................21

10

*Craigslist, Inc. v. Naturemarket, Inc.*,
(N.D. Cal. 2010) 694 F.Supp.2d 1039 .................................................................20

11

12

*Eitel v. McCool*,
(9th Cir. 1986) 782 F.2d 1470.......................................................................passim

13

*First American Bank, N.A. v. United Equity Corp.*,
(DC 1981) 89 FRD 81 ...........................................................................................17

14

*Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*,
(9th Cir. 2004) 375 F.3d 922.................................................................................16

15

16

*Frontier Oil Corp. v. RLI Ins. Co.*
*(*2007) 153 Cal. App. 4th 1436..............................................................................19

17

*Glater v. Eli Lilly & Co.*,
(1st Cir. 1983) 712 F.2d 735 ...........................................................................18, 21

18

*Horace Mann Ins. Co. v. Barbara B.*,
(1993), 4 Cal.4th 1076...........................................................................................21

19

20

*Illinois Nat. Ins. Co. v. Temian*,
(N.D.Ind.2011) 779 F.Supp.2d 921.  (RJN, ¶ 3; Compendium, Ex 5, 12:3-5, ¶
35.)..........................................................................................................................24

21

22

*Integral Ins. Co. v. Lawrence Fulbright Trucking, Inc.* (2nd Cir 1991),
930 F.2d 258.  (RJN, ¶ 3; Compendium, Ex. 5, 11:18-22, ¶ 31.)......................24

23

*Landstar Ranger, Inc.*,
725 F. Supp.2d ......................................................................................................20

24

*Magic Leap, Inc. v. Tusa Tuc*,
(N.D. Cal. 2017) 2017 WL 10456729 ..................................................................26

25

26

*Mesa Underwriters Specialty Ins. Co. v. Paradise Skate, Inc.*,
(N.D. Cal. 2016) 2016 WL 9045622 ....................................................................22

27

28

Freeman Mathis & Gary, LLP

ATTORNEYS AT LAW

Case No. 1:23-cv-00383-JLT-CDB
NOTICE OF UNITED SPECIALTY INSURANCE COMPANY'S COUNTER APPLICATION/MOTION FOR
DEFAULT JUDGMENT BY THE COURT AGAINST DEFENDANTS

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

*Montrose Chem. Corp. of Calif. v. Superior Court (Canadian Universal Ins. Co. Inc.)*,
  (1993) 6 Cal.4th 287..................................................................................25
*Ningbo Albert Novosino Co. Ltd. v. Digital Cashflow, LLC*,
  (D. Nev. 2021) 2021 WL 3192235 ........................................................18
*Pena v. Seguros La Comersial, S.A.*,
  (9th Cir. 1985) 770 F.2d 811 ..................................................................26
*PepsiCo, Inc. v. California Security Cans*,
  (C.D. Cal. 2010) 238 F. Supp.2d 1172 ....................................20, 25, 26
*PepsiCo, Inc. v. Triunfo–Mex, Inc.*,
  (C.D. 1999) 189 F.R.D. 431 ............................................................14, 24
*Philadelphia Indem. Ins. Co. v. United Revolver Club of Sacramento, Inc.*,
  Case No. 2:18-cv-2960-KJM-DB, (E.D. Cal. Feb. 18, 2020) 2020 WL 773419 20
*Philip Morris USA, Inc. v. Castworld Prods., Inc.*,
  (C.D. Cal. 2003) 219 F.R.D. 494 ....................................................14, 26
*RLI Ins. Co. v. City of Visalia*,
  (E.D. Cal. 2018) 297 F.Supp.3d 1038......................................................22
*Scottsdale Ins. Co. v. MV Transportation*,
  (2005) 36 Cal.4th 643 .............................................................................21
*St. Paul Mercury Inc. Co. v. Ralee Eng'g Co.*,
  (9th Cir. 1986) 804 F.2d 520..................................................................21
*Superbalife, Int'l v. Powerplay*,
  (C.D. Cal. 2008) 2008 WL 4559752 ......................................................18
*TeleVideo Sys., Inc.* v. Heidenthal,
  (9th Cir. 1987) 826 F.2d 915 ..................................................................25

Statutes

28 U.S.C. § 1331........................................................................................20
28 U.S.C. § 1332(a)(1) ..............................................................................20
29 U.S.C. § 1367(a) ...................................................................................21

Rules

Fed. R. Civ. P. 12(h)(1) .......................................................................18, 21
Federal Rule of Civil Procedure 55(c)................................................10, 15
FRCP 55(a) .........................................................................................14, 17
FRCP 55(b)(1)-(2) .....................................................................................17
FRCP 55(b)(2) ....................................................................................passim
Rule 12 ......................................................................................................18
Rule 12(b) ...........................................................................................18, 21

Regulations

49 C.F.R. § 387.15.............................................................................................19

49 C.F.R. § 387.7...............................................................................................21

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  Plaintiff UNITED SPECIALTY INSURANCE COMPANY ("UNITED

3  SPECIALTY") respectfully submits the following memorandum of points and

4  authorities in support of its counter application/motion for entry of default

5  judgment as to defendants (1) RUBEN EXPRESS, INC.; (2) YADWINDER

6  SINGH; (3) CODY WOLFE; (4) ELIJAH SOTO.  Pursuant to Local Rule 230(e),

7  this motion is filed in the manner prescribed for opposing the pending motion to

8  set aside the entry of default of defendants CODY WOLFE and ELIJAH SOTO

9  filed on October 23, 2023.  (ECF#33.)

10  **I.   INTRODUCTION**

11  UNITED SPECIALTY issued a commercial auto policy to named insured

12  RUBEN EXPRESS.  CODY WOLFE and ELIJAH SOTO filed underlying actions

13  against RUBEN EXPRESS and driver YADWINDER SINGH in connection with

14  an October 28, 2019 traffic accident in Caroll County, Maryland.  CODY

15  WOLFE's action was styled *Cody Wolfe v. Yadwinder Singh, et al.*, Carroll County

16  Circuit Court for the State of Maryland, Case No. C-06-CV-21-000199.  ELIJAH

17  SOTO's action was styled *Elijah Soto v. Yadwinder Singh, et al.*, Carroll County

18  Circuit Court for the State of Maryland, Case No. C-06-CV-22-000380.  The cases

19  were consolidated and are referred to collectively as the "Underlying Action").

20  UNITED SPECIALTY denied coverage on the ground that YADWINDER

21  SINGH was an Excluded Driver at the time of the loss.  However, it agreed to

22  provide a courtesy defense to RUBEN EXPRESS and YADWINDER SINGH in

23  the Underlying Action.

24  UNITED SPECIALTY brought the within action for Declaratory Relief that

25  it owes no duty to defend or indemnify under the policy, and at best could owe up

26  to $750,000 under the MSC-90 endorsement to the Policy for any "final judgment"

27  secured against the named insured RUBEN EXPRESS for public liability.

28

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

UNITED SPECIALTY named CODY WOLFE and ELIJAH SOTO as defendants to the Declaratory Relief Action solely to bind them as to any judgment as potential judgment creditors.

The Clerk of this Court previously entered the default of all defendants. The clerk entered the default of RUBEN EXPRESS on August 22, 2023. The clerk entered the defaults of the remaining defendants YADWINDER SINGH, CODY WOLFE, and ELIJAH SOTO on September 29, 2023. Defendants have failed to remedy their entries of default as required under Federal Rule of Civil Procedure 55(c). Defendants are not infants, incompetent persons, on active duty in the military, or otherwise exempted by the Soldiers' and Sailors' Civil Relief Act of 1940.

Although CODY WOLFE and ELIJAH SOTO assert in their Motion to Vacate Orders of Default (ECF#34) that the Clerk (as opposed to the Court) was not authorized to enter their defaults, this argument is without basis. While the Clerk cannot enter a default *judgment* in a declaratory relief action, the Clerk is authorized to enter the defaults of parties who fail to answer or file a Rule 12(b) motion within the prescribed time period (as was the case here).

## II. <u>**RELEVANT FACTS**</u>

UNITED SPECIALTY is a commercial auto insurer. (See Declaration of J. Gary Glenn ["Glenn Decl.], ¶ 2.) It issued Commercial Transportation Program Policy No. GWP50952 00 to named insured trucking company RUBEN EXPRESS, INC., effective from August 3, 2019 to August 3, 2020 ("Policy") (Glenn Decl., ¶ 4, Compendium, Ex. 3.)

It is alleged that on or about October 28, 2019, YADWINDER SINGH was operating a 2018 Volvo tractor owned by RUBEN EXPRESS ("Subject Auto") near the intersection of Ridge Road and Bond Street in Carroll County, Maryland. (RJN ¶ 1; Compendium Ex. 1, ¶¶ 8, 9) and (RJN ¶ 2; Compendium Ex.

10

Case No. 1:23-cv-00383-JLT-CDB
NOTICE OF UNITED SPECIALTY INSURANCE COMPANY'S COUNTER APPLICATION/MOTION FOR
DEFAULT JUDGMENT BY THE COURT AGAINST DEFENDANTS

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

1   2, ¶¶ 12, 19, 21.)  It is further alleged that he was involved in an accident with a

2   2014 Prius being driven by CODY WOLFE in which ELIJAH SOTO was a

3   passenger ("Accident").  (RJN, ¶ 2; Compendium Ex. 2, 3, ¶¶ 12, 23.)

4        CODY WOLFE brought an underlying action styled *Cody Wolfe v.*

5   *Yadwinder Singh, et al.*, Carroll County Circuit Court for the State of Maryland,

6   Case No. C-06-CV-21-000199 ("*WOLFE* Action").  ELIJAH SOTO brought an

7   underlying action styled *Elijah Soto v. Yadwinder Singh, et al.*, in the Carroll

8   County Circuit Court for the State of Maryland, Case No. C-06-CV-22-000380.

9   ("*SOTO* Action").  (See Request for Judicial Notice ["RJN"] ¶¶ 1, 2; Compendium,

10  Exs. 1 and 2.)  The two actions were later consolidated with the *WOLFE* Action as

11  to the lead case and are collectively referred to herein as the "Underlying Action."

12  (RJN, ¶ 1, Compendium, Ex. 1.)

13       UNITED SPECIALTY determined that its Policy did not cover the

14  Underlying Action because YADWINDER SINGH was an excluded driver

15  pursuant to the Named Driver Exclusion (CA2 25 02 01 15).  (Glenn Decl., ¶ 5,

16  Compendium, Ex. 4.)  Nevertheless, UNITED SPECIALTY agreed to provide a

17  courtesy defense to RUBEN EXPRESS and YADWINDER SINGH and brought

18  the within action seeking Declaratory Relief of 1) no coverage under the Policy

19  and, 2) at best an obligation to pay up to $750,000 for any final judgment against

20  RUBEN EXPRESS for public liability.  ("Declaratory Relief Action").  UNITED

21  SPECIALTY named CODY WOLFE and ELIJAH SOTO as defendants to the

22  Declaratory Relief Action to bind them with respect to any judgment.  The

23  Declaratory Relief Action contains the following Claims for Relief:  (1)

24  Declaratory Relief – Duty to Indemnify; (2) Declaratory Relief – Duty to Defend;

25  (3) Declaratory Relief – Public Liability.  (RJN ¶ 3; Compendium, Ex. 5.)

26

27

28

11

### III.  **PROCEDURAL HISTORY**

UNITED SPECIALTY filed its original Complaint for Declaratory Relief on March 14, 2023.  (ECF#1.)  Thereafter, UNITED SPECIALTY filed the operative First Amended Complaint (ECF#7) on May 10, 2023.  (Hobbs Decl., ¶ 4; RJN, ¶ 3; Compendium, Ex. 5.)  UNITED SPECIALTY caused the operative Summons and First Amended Complaint to be served on each of the defendants as follows.  On June 5, 2023, UNITED SPECIALTY caused the Summons and First Amended Complaint to be served via personal service on RUBEN EXPRESS (ECF#11).  (Hobbs Decl., ¶ 5; RJN, ¶ 4; Compendium, Ex. 6.)  No one responded on behalf of RUBEN EXPRESS.  UNITED SPECIALTY filed a Request for Entry of Default of RUBEN EXPRESS (ECF#13) on August 21, 2023.  (Hobbs Decl., ¶ 9; RJN, ¶ 5; Compendium, Ex. 7.)  On August 22, 2023, the Clerk entered the default of RUBEN EXPRESS (ECF#16).  (Hobbs Decl., ¶ 9; RJN, ¶ 6, Compendium, Ex. 8.)

On September 7, 2023, UNITED SPECIALTY caused the Summons and First Amended Complaint to be served via personal service on YADWINDER SINGH (ECF#22).  (Hobbs Decl., ¶ 6; RJN, ¶ 9; Compendium, Ex. 11.)  The deadline for YADWINDER SINGH to respond to the First Amended Complaint was September 28, 2023.  (Hobbs Decl., ¶ 10; RJN, ¶ 11; Compendium, Ex. 13.)  No one responded on behalf of YADWINDER SINGH.  UNITED SPECIALTY filed a Request for Entry of Default of YADWINDER SINGH on September 29, 2023 (ECF#26).  (Hobbs Decl., ¶10; RJN, ¶ 11; Compendium, Ex. 13).  On September 29, 2023, the Clerk entered YADWINDER SINGH's default (ECF#29).  (Hobbs Decl., ¶ 10; RJN; ¶ 14; Compendium, Ex. 16.)

Effective August 27, 2023, UNITED SPECIALTY caused the Summons and First Amended Complaint to be served via substitute service on ELIJAH SOTO (ECF#19).  (Hobbs Decl., ¶ 8; RJN, ¶ 8; Compendium, Ex. 10.)

On August 20, 2023, UNITED SPECIALTY caused the Summons and First

12

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

Amended Complaint to be served via personal service on CODY WOLFE (ECF#17).  (Hobbs Decl., ¶ 7; RJN; ¶ 7; Compendium, Ex. 9.)

After communicating with Maryland counsel for ELIJAH SOTO and CODY WOLFE, counsel for UNITED SPECIALTY filed a Notice that it had granted an extension of time until September 25, 2023 for CODY WOLFE and ELIJAH SOTO to respond to the First Amended Complaint (ECF#23) (Hobbs Decl., ¶ 17; RJN, ¶ 10; Compendium, Ex. 12.)

On September 25, 2023, the last day of the extension granted, California counsel for CODY WOLFE and ELIJAH SOTO filed a Motion for Extension of Time to Respond to Plaintiff's Complaint (ECF#24).  On September 26, 2023, the Honorable Magistrate Christopher D. Baker issued a Minute Order stating that the Motion had been brought on terminal date to respond and would be stricken for failure to comply with Local Rules 144, 230 and/or 233.  (ECF#25.)

Since the extended time to respond to the First Amended Complaint had expired without a responsive pleading or Rule 12(b) motion having been filed, UNITED SPECIALTY submitted Requests for Application of Default of CODY WOLFE and ELIJAH SOTO, respectively (ECF## 27, 28), on September 29, 2023.  (Hobbs Decl., ¶¶ 11, 12; RJN, ¶¶ 12, 13; Compendium, Exs. 14, 15.)  On September 29, 2023, the Clerk entered the defaults of CODY WOLFE and ELIJAH SOTO, respectively (ECF##30, 31).  (Hobbs Decl., ¶¶ 11, 12; RJN, ¶ 15, 16; Compendium, Exs. 17, 18.)

On October 16, 2023, this Court issued on Order directing UNITED SPECIALTY to proceed with a motion for default judgment against all defendants by no later than December 4, 2023.  (ECF# 32.) (Compendium, Ex. 24)

On October 23, 2023, counsel for CODY WOLFE and ELIJAH SOTO filed a Notice of Motion and Motion to Vacate Orders of Default against CODY WOLFE and ELIJAH SOTO.  (ECF# 33.)

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

1

## IV.    LAW AND ARGUMENT

2

### A. Legal Standard

3       Federal Rule of Civil Procedure 55(b)(2) permits a court-ordered default

4 judgment following the entry of default by the clerk of the court under *Aldabe v.*

5 *Aldabe* (9th Cir. 1980) 616 F.2d 1089, 1092.  In determining whether a default

6 judgment should be entered, the Ninth Circuit has held that a court should consider

7 seven discretionary factors, often referred to as the "*Eitel* factors."  See *Eitel v.*

8 *McCool* (9th Cir. 1986) 782 F.2d 1470, 1471-72.  The *Eitel* factors include (1) the

9 possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive

10 claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the

11 action, (5) the possibility of a dispute concerning material facts, (6) whether the

12 default was due to excusable neglect, and (7) the strong policy underlying the

13 Federal Rules of Civil Procedure favoring decisions on the merits.  *Id*. "In applying

14 this discretionary standard, default judgments are more often granted than denied."

15 *Philip Morris USA, Inc. v. Castworld Prods., Inc.* (C.D. Cal. 2003) 219 F.R.D.

16 494, 498 (*quoting PepsiCo, Inc. v. Triunfo–Mex, Inc.* (C.D. 1999) 189 F.R.D. 431,

17 432).

18      **B. The Clerk of the United States District Court for the Eastern**

19          **District of California has entered Defendants' Defaults**

20      According to FRCP 55(a), "When a party against whom a judgment for

21 affirmative relief is sought has failed to plead or otherwise defend as provided by

22 these rules and that fact is made to appear by affidavit or otherwise, the clerk shall

23 enter the party's default."

24      The defendants were personally served with the Summons, Complaint and

25 accompanying documents on June 5, 2023 (RUBEN EXPRESS), August 20, 2023

26 (CODY WOLFE), August 27, 2023 (ELIJAH SOTO), and September 8, 2023

27 (YADWINDER SINGH), respectively.  None of the Defendants filed a timely

28

*Freeman Mathis & Gary, LLP*
ATTORNEYS AT LAW

14

1  responsive pleading or Rule 12(b) motion in response to the operative First

2  Amended Complaint.  UNITED SPECIALTY requested the entry of default of all

3  defendants.

4      The Clerk of this Court entered their respective defaults on August 22, 2023

5  (RUBEN EXPRESS) and September 29, 2023 (YADWINDER SINGH, CODY

6  WOLFE, and ELIJAH SOTO). Defendants have failed to remedy their entry of

7  default as required by FRCP 55(c).

8  ### C. Defendants are Not Minors, Incompetent Persons, in the Active

9  ### Duty Military Service, or Otherwise Exempted by the Soldiers'

10 ### and Sailors' Civil Relief Act of 1940

11     FRCP 55(b)(2) mandates that no default judgment be entered by a court

12 against an infant or incompetent person. Additionally, no default judgment may be

13 entered by a court against any defendant that is in the military service.

14     YADWINDER SINGH, CODY WOLFE and ELIJAH SOTO are the only

15 individual defendants.  YADWINDER SINGH, CODY WOLFE and ELIJAH

16 SOTO are not infants, incompetent persons, on active duty in the military service,[1]

17 or otherwise exempted by the Soldiers' and Sailors' Civil Relief Act of 1940.

18 (Hobbs Decl., ¶ 13, and Compendium, Exs. 19, 20 and 21.)

19 ### D. The Motion to Vacate the Entry of Defaults Brought by CODY

20 ### WOLFE and ELIJAH SOTO is Without Basis

21     Although CODY WOLFE and ELIJAH SOTO attempt to set aside the entry

22 of default, they fail to mention the requirements for such a request or explain how

23 such requirements were satisfied here.  The Federal Rules provide that a "court

24 may set aside an entry of default for good cause. . . ."  FRCP 55(c).  Moreover, if

---

[1] According to public records ELIJAH SOTO may be employed by the U.S. Navy and/or Department of Homeland Security.  However, an inquiry to the SCRA reveals no record that he is on active duty. Further, he has legal representation in this matter through Ms. Cutting and is therefore not without notice or representation.

Freeman Mathis & Gary, LLP

ATTORNEYS AT LAW

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

any one of the following factors is satisfied, the defendants cannot show "good cause" for setting aside the entry of default:  1) whether the defendant's culpable conduct led to the default; 2) whether the defendant has a meritorious defense; or 3) whether setting aside the default judgment would prejudice the plaintiff.  *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.* (9th Cir. 2004) 375 F.3d 922, 925-26.  When the defendant is represented by counsel, a "legally sophisticated" standard applies to the issue of whether defendant's culpable conduct led to the default.  Furthermore, under this standard, "conduct may be considered culpable if the defendant has received actual or constructive notice" and failed to respond to the complaint.  As set forth above, from September 11, 2023 (when UNITED SPECIALTY filed an extension of time to respond) to September 25, 2023 (the last day of the extension) no actions were taken by defendants to confer or stipulate to an additional extension.  On the last day for a response (September 25, 2023), Ms. Cutting filed a motion for a further extension of time on behalf of CODE WOLFE and ELIJAH SOTO that was stricken as in violation of Rules 144, 230 and/or 233.  (ECF##24-25.)

Under the circumstances, defendants have failed to show there was no "culpable conduct that led to the default."  This alone should be sufficient to warrant a denial of their motion to set aside.  However, they have also failed to show a "meritorious position" in that the UNITED SPECIALTY Policy did not cover injury or losses occurring when an excluded driver such as YADWINDER SINGH was operating the covered auto as explained below.  In addition, setting aside the default would prejudice UNITED SPECIALTY to the extent it is defending the underlying litigation brought by CODY WOLFE and ELIJAH SOTO despite the lack of coverage under its Policy.

CODY WOLFE and ELIJAH SOTO argue that the Clerk was not empowered to enter their default because this action seeks declaratory relief rather

than damages in a sum that can be made certain by computation.  (Wolfe and Soto Mot., p. 1:25-3:1).  However, securing a party's default is a two-step process and the Clerk's entry of default is not tantamount to the entry of a default judgment.  *See Arango v. Guzman Travel Advisors* (11th Cir. 1985) 761 F.2d 1527, 1530.  The first step is obtaining the entry of default, by the Clerk, which contains no requirement concerning the amount of damages sought.  FRCP 55(a); *see First American Bank, N.A. v. United Equity Corp.* (DC 1981) 89 FRD 81, 86.  The second step is to move for a default judgment.  FRCP 55(b)(1)-(2).  It is true that the Clerk (as opposed to the Court) is not empowered to enter a default *judgment* in a declaratory relief action.  However, this is immaterial since UNITED SPECIALTY has asked this Court, not the Clerk, to decide the within motion for entry of default judgment.  The attempt of counsel for CODY WOLFE and ELIJAH SOTO to improperly conflate the distinct concepts of the entry of default and a default judgment is improper and should be rejected.

As for the argument of CODY WOLFE and ELIJAH SOTO that UNITED SPECIALTY made "numerous misstatements and/or misrepresentations" to the Court including the fact that Maryland counsel had requested an extension, this is without basis.  (Wolfe and Soto Mot., 3:1.)  The motion of CODY WOLFE and ELIJAH SOTO references a unilateral email from Edward Brown, Maryland counsel for CODY WOLFE, which reveals that he requested an extension on September 25, 2023--the *last day* of the extension provided--at 1:53 p.m.  Without making any attempt to call, email, or otherwise confer with UNITED SPECIALTY's counsel, Ms. Cutting as California counsel for CODY WOLFE and ELIJAH SOTO brought a motion for a further extension of time at 2:51 p.m. on the same day (*i.e.*, approximately an hour after the email was sent).  (Hobbs Decl., ¶ 19.)  There was no telephone call or email received from Ms. Cutting requesting UNITED SPECIALTY's position before she proceeded to file her motion.  (Hobbs

17

Decl. ¶ 19.)

In this way, CODY WOLFE and ELIJAH SOTO failed to satisfy the requirements of Rule 233 (requiring, *inter alia*, a statement setting forth the position of all parties or a statement as to why such position could not be ascertained.)  As the courts have held, a unilateral email at the last minute does not meet the requirement of meeting and conferring in good faith.  *See Ningbo Albert Novosino Co. Ltd. v. Digital Cashflow, LLC* (D. Nev. 2021) 2021 WL 3192235, *1 (interpreting that district's Local Rule 26-6[c] in the context of a discovery meet and confer requirement); *Superbalife, Int'l v. Powerplay* (C.D. Cal. 2008) 2008 WL 4559752, *1-2 (brief phone call requesting extension and confirming email insufficient to constitute compliance with Central District's Local Rule 7-3).  Since CODY WOLFE and ELIJAH SOTO failed to file an answer or Rule 12(b) motion by the last day permitted (and their motion for an extension of time was stricken), UNITED SPECIALTY properly sought and obtained the entry of default against CODY WOLFE and ELIJAH SOTO on September 19, 2023.  (ECF##30, 31.)

CODY WOLFE and ELIJAH SOTO also assert that the Court lacks personal jurisdiction over them.  (Wolfe and Soto Mot., pp. 4-5.)  However, they waived that argument by failing to timely respond to the operative complaint.  See Fed. R. Civ. P. 12(h)(1); *Glater v. Eli Lilly & Co.* (1st Cir. 1983) 712 F.2d 735, 738 (strict waiver rule applies to defense of lack of personal jurisdiction; failure to raise defense in a Rule 12 motion or a responsive pleading constitutes a waiver).  Here, CODY WOLFE and ELIJAH SOTO were granted an extension of time to respond to the operative complaint until September 25, 2023 but failed to submit an answer or Rule 12(b) motion by the deadline.  Although they submitted a motion for an extension of time setting forth their position as to jurisdiction, the motion was stricken as in violation of several Local Rules and no timely response to the operative complaint was filed.

18

Case No. 1:23-cv-00383-JLT-CDB
NOTICE OF UNITED SPECIALTY INSURANCE COMPANY'S COUNTER APPLICATION/MOTION FOR
DEFAULT JUDGMENT BY THE COURT AGAINST DEFENDANTS

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

CODY WOLFE further argues he was entitled to sue UNITED SPECIALTY directly in the Maryland action and that UNITED SPECIALTY has erroneously alleged to the contrary. However, the MCS-90 is a creature of (and subject to) federal law. By its terms, the MCS-90 states that it only applies to any "final judgment" secured by the insured: "It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment." 49 C.F.R. § 387.15 (requiring "final judgment" recovered against the insured for public liability to trigger payment obligation under MCS-90). Likewise, the Policy itself states that unless and until there is an agreed upon settlement or judgment – which does not exist here – UNITED SPECIALTY may not be sued. (Compendium, Ex. 3, CA 00 20 10 13, p. 10, Legal Action Against Us.) Further, California law applies here such that this Declaratory Relief Action was properly brought in California (since the policy was issued in California to a California insured). *See* C.C.P. § 1646, *Frontier Oil Corp. v. RLI Ins. Co.* (2007) 153 Cal. App. 4th 1436, 1438-1454. To the extent there is no final judgment here, CODY WOLFE lacked the right to bring suit against UNITED SPECIALTY.

### E. Under the *Eitel* Factors, UNITED SPECIALTY is Entitled to the Entry of a Default Judgment

All seven of the factors set forth in *Eitel v. McCool, supra,* 782 F.2d 1470, 1471-72, warrant a grant of the requested Default Judgment against all defendants in favor of UNITED SPECIALTY.

### 1. Possibility of Prejudice to the Plaintiffs

The first *Eitel* factor contemplates the possibility of prejudice to the plaintiff if a default judgment is not entered. *Eitel v. McCool, supra*, 782 F.2d at 1471. Prejudice may be shown where failure to enter a default judgment would leave

19

Case No. 1:23-cv-00383-JLT-CDB
NOTICE OF UNITED SPECIALTY INSURANCE COMPANY'S COUNTER APPLICATION/MOTION FOR
DEFAULT JUDGMENT BY THE COURT AGAINST DEFENDANTS

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

plaintiff without a proper remedy. *Philadelphia Indem. Ins. Co. v. United Revolver Club of Sacramento, Inc.*, Case No. 2:18-cv-2960-KJM-DB, (E.D. Cal. Feb. 18, 2020) 2020 WL 773419, at \*3 (*citing Landstar Ranger, Inc*., 725 F. Supp.2d at 920). As set forth above, UNITED SPECIALTY is providing a courtesy defense in the Underlying Action while this suit for Declaratory Relief is pending. The failure to enter a default judgment would leave UNITED SPECIALTY without a proper remedy. Barring the entry of a default judgment, UNITED SPECIALTY will be prejudiced by being forced to pay additional defense costs and/or indemnity costs never owed under the Policy. This factor militates in favor of granting the requested default judgment.

### 2. Sufficiency of the Complaint and the Likelihood of Success on the Merits

The second and third *Eitel* factors are the merits of the plaintiff's substantive claim and the sufficiency of the complaint. *Eitel v. McCool, supra*, 782 F.2d at 1471-72. The two factors may be considered together given their close relationship. *Craigslist, Inc. v. Naturemarket, Inc*. (N.D. Cal. 2010) 694 F.Supp.2d 1039, 1055. These factors favor entry of default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover. *PepsiCo, Inc. v. California Security Cans* (C.D. Cal. 2010) 238 F. Supp.2d 1172, 1177.

#### a.   Jurisdiction is Adequately Pled

Here, the Court has diversity jurisdiction over the instant matter since, as alleged in the First Amended Complaint, all plaintiffs are citizens of different states and the amount in controversy exceeds $75,000 28 U.S.C. § 1332(a)(1). (RJN, ¶ 3; Compendium, Ex. 5, 2:13-16, ¶ 6.) Further, the Court has jurisdiction under 28 U.S.C. § 1331 because the subject matter of UNITED SPECIALTY's claim involves interstate commerce and the interpretation of federal statutes and

20

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

regulations, including 49 C.F.R. § 387.7 (the MCS-90 endorsement).  (RJN, ¶ 3; Compendium, Ex. 5, 2:17-23, ¶¶ 6-7.)  To the extent there are state law claims regarding insurance policy interpretation, the Court has supplemental jurisdiction pursuant to 29 U.S.C. § 1367(a).  (RJN, ¶ 3; Compendium, Ex. 5, 2:27-3:2, ¶ 9.)

As set forth above, any claims of lack of personal jurisdiction made on behalf of CODY WOLFE and/or ELIJAH SOTO have been waived by their failure to file a timely responsive pleading or Rule 12(b) motion in this matter.  *See* Fed. R. Civ. P. 12(h)(1); *Glater v. Eli Lilly & Co.* (1st Cir. 1983) 712 F.2d 735, 738.

b.   Under Applicable Law, United Specialty's Claim That
There is No Coverage Is Sufficiently Pled and Meritorious

Where a declaratory judgment action is based on diversity jurisdiction, California law controls. *See St. Paul Mercury Inc. Co. v. Ralee Eng'g Co.* (9th Cir. 1986) 804 F.2d 520, 522.  Under California law, "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy."  *Horace Mann Ins. Co. v. Barbara B.* (1993), 4 Cal.4th 1076, 1081.  If any facts stated or fairly inferable in the complaint, or otherwise known or discovered by the insurer, suggest a claim potentially covered by the policy, the insurer's duty to defend arises and is not extinguished until the insurer negates all facts suggesting potential coverage.  On the other hand, if, as a matter of law, neither the complaint nor the known extrinsic facts indicate any basis for potential coverage, the duty to defend does not arise in the first instance. *Scottsdale Ins. Co. v. MV Transportation* (2005) 36 Cal.4th 643, 655.  If there is no duty to defend, there can be no duty to indemnify.  This is because the duty to defend is broader than the duty to indemnify.  *See Certain Underwriters at Lloyd's of London v. Superior Court* (2001) 24 Cal. 4th 945, 961 (explaining there is no duty to indemnify when there is no duty to defend).

"California and federal courts have held that declaratory relief is appropriate

21

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

to negate an insurer's duty to defend." *Mesa Underwriters Specialty Ins. Co. v. Paradise Skate, Inc.* (N.D. Cal. 2016) 2016 WL 9045622, at * 5; *see Atain Specialty Ins. Co. v. All New Plumbing, Inc., et al.* (E.D. Cal. Aug. 5, 2019) 2019 WL 3543854, at *4 ("Because McCall's bodily injury suit is plainly contemplated in the Policy as being excluded, and because the Policy explicitly states that Atain would have no duty to defend where the issue was excluded, the merits of Atain's declaratory judgment action are sound"); *RLI Ins. Co. v. City of Visalia* (E.D. Cal. 2018) 297 F.Supp.3d 1038, 1053 ("The RLI Policy explicitly excludes from coverage the cost of removal, nullification, and cleaning up environmental contamination.  Therefore, there can be no doubt that RLI had no duty to defend insofar as plaintiff in the Underlying Action sought damages for the cost of removing, nullifying or cleaning up contaminating substances.").

Here, the operative First Amended Complaint alleges that UNITED SPECIALTY issued Commercial Transportation Program Policy to RUBEN EXPRESS effective August 3, 2019 to August 3, 2020.  (RJN, ¶ 3; Compendium, Ex. 3; Ex. 5, 5:4-14, ¶ 15.)  As the operative complaint alleges, the Policy includes a Named Driver Exclusion precluding coverage in its entirety for any injuries or damage that occurs while YADWINDER SINGH is operating a covered auto: "The application of this exclusion to the "Loss" acts as a complete bar to coverage in its entirety for the person listed above as the Excluded Driver, the Named Insured, any Additional Insured and/or any other person or organization."  (RJN, ¶ 3; Compendium, Ex. 4; Ex. 5, 8:2-4, 10:5-9; ¶ 18, 23.)  Further, the First Amended Complaint quotes the Named Driver Exclusion, which states in pertinent part: Name of the Excluded Driver:  Yadwinder Singh."  (RJN, ¶ 3, Compendium, Ex. 5, 7:10-23, ¶ 18.)

The allegations of the First Amended Complaint--taken as true—therefore establish that YADWINDER SINGH was an Excluded Driver under the Policy.

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

(RJN, ¶ 3; Compendium, Ex. 5, 7:18-20, 10:4-9; ¶ 18, 23.) Moreover, YADWINDER SINGH was driving the subject vehicle at the time of the Accident. (RJN, ¶ 3, Compendium, Ex. 5, 9:26-10:3, ¶ 22.) Therefore, under the Named Driver Exclusion, there is a "**complete bar to coverage in its entirety**" for the driver, insureds or "any other person or organization." (RJN, ¶ 3; Compendium, Ex. 4; Ex. 5, 8:2-4, 10:5-9; ¶¶ 18, 23.) In addition, "None of the coverages provided by the policy apply to any injury, 'Loss' or damage sustained by any 'Insured' or any other person or organization because of the 'Accident' when the Excluded Driver named above is involved in any 'Accident' while operating a covered 'Auto'." (RJN, ¶ 3; Compendium, Ex. 4, Ex. 5, 8:4-7, ¶ 18.) Accordingly, UNITED SPECIALTY is entitled to a finding that, as alleged in its operative First Amended Complaint, there is no coverage for the Underlying Action under the Named Driver Exclusion.

> c.  <u>UNITED SPECIALTY Has Sufficiently Pled that at Best the MCS-90 Endorsement Could Apply to any Final Judgment Secured against RUBEN EXPRESS up to its $750,000 Limits</u>

Since there is no coverage under the Policy, the First Amended Complaint seeks a declaration that at best the MCS-90 Endorsement attached to the Policy could afford up to its $750,000 limit for any "final judgment" recovered by CODY WOLFE and/or ELIJAH SOTO against RUBEN EXPRESS, subject to a right of reimbursement. (RJN, ¶ 3; Compendium, Ex. 5, 11:10-12:8; ¶¶ 29-36.) Under applicable law, the MCS-90 is a method for motor carriers to satisfy their financial responsibility obligations under the Motor Carriers Act of 1980, sections 29 and 30. (RJN, ¶ 3; Compendium, Ex. 5, 8:22-9:22, ¶ 20.) The MCS-90 is not "insurance," and does not impose any duty to defend or settle. *Carolina Cas. Ins. Co. v. Yeates* (10th Cir. 2009) 584 F.3d 868, 878. (RJN, ¶ 3; Compendium, Ex. 5,

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

11:23-24, ¶ 32.)  Rather, it is akin to a surety designed to protect injured members of the public in an amount up to $750,000 when the policy itself does not apply. (RJN, ¶ 3; Compendium, Ex. 5, 11:18-22 ¶ 31.)  As the MCS-90 on its face states, it only applies to a "final judgment" against the insured for public liability.  See *Integral Ins. Co. v. Lawrence Fulbright Trucking, Inc.* (2nd Cir 1991) 930 F.2d 258, 261.  (RJN, ¶ 3; Compendium, Ex. 5, 11:18-22, ¶ 31.)

Applicable law further holds that the MCS-90 only applies to judgments against the *named* insured, not to other entities such as drivers.  *See .Illinois Nat. Ins. Co. v. Temian* (N.D.Ind.2011) 779 F.Supp.2d 921, 927.  (RJN, ¶ 3; Compendium, Ex 5, 12:3-5, ¶ 35.)

As the MCS-90 endorsement also provides, and as the First Amended Complaint alleges, an insurer is entitled to reimbursement of amounts paid under the endorsement but not owed under the Policy:  "However, all terms, conditions and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the 'insured' and the company. The 'insured' agrees to reimburse the company for any payment made by the company on account of any accident,' claim, or 'suit' involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.".  (RJN, ¶ 3; Compendium, Ex. 5, 11:25-27, ¶ 33.)

Based on the foregoing, the allegations of the First Amended Complaint are sufficient and state meritorious claims.  Accordingly, these *Eitel* factors warrant a grant of a default judgment.

### 3. Sum of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." *PepsiCo, Inc. v. Triunfo–Mex, Inc., supra,* 189 F.R.D. 431, 432, F.Supp.2d at 1176-77.  Where a

24

*Freeman Mathis & Gary,* LLP
ATTORNEYS AT LAW

large sum of money is at stake, this factor disfavors default judgment. *Eitel v. McCool, supra*, 782 F.2d at 1472. Plaintiff here seeks no monetary relief against the defendants, but rather seeks only Declaratory Relief. (RJN, ¶ 3; Compendium, Ex. 5.) Accordingly, this factor likewise favors the entry of default judgment. *(See PepsiCo, Inc. v. California Sec. Cans* (C.D. Cal. 2002) 238 F. Supp. 2d 1172, 1177 (finding the Plaintiffs are not seeking monetary damages, which favors granting default judgment.)*; Integon Preferred Ins. Co. v. Broughton* (C.D. Cal. 2017) WL 8186043, at *3 (finding this factor weighs in favor of default judgment because the plaintiff seeks only declaratory judgment that it has no obligation to defend or indemnify the defendant and there is no sum in contention").

### 4. Possibility of Disputed Material Facts

The fifth *Eitel* factor examines whether a dispute exists regarding material facts. *Eitel v. McCool, supra*, 782 F.2d at 1471-72. Since the Defendants are in default, all of UNITED SPECIALTY's well-pleaded factual allegations are taken as true. *TeleVideo Sys., Inc.* v. Heidenthal (9th Cir. 1987) 826 F.2d 915, 918. There is no possible dispute of material fact that would preclude the grant of default judgment in UNITED SPECIALTY's favor. Further, resolution of UNITED SPECIALTY's claims turn primarily on an analysis of the allegations in the Underlying Action and provisions in the Policy, rather than on contested issues of fact. Under California law, an insurer's duty to defend is evaluated in light of the allegations of the complaint and extrinsic facts known to the insurer at the time of the tender. *Montrose Chem. Corp. of Calif. v. Superior Court (Canadian Universal Ins. Co. Inc.)* (1993) 6 Cal.4th 287, 295. Therefore, this factor favors the entry of default.

### 5. Whether the Default was Due to Excusable Neglect

The sixth *Eitel* factor examines whether a defendant's default was due to excusable neglect. *PepsiCo v. California Security Cans, supra,* 238 F. Supp. 2d at

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

1177; *Eitel v. McCool, supra*, 782 F.2d at 1471-72.  This factor considers due process and considers whether defendants are "given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objection before a final judgment is rendered." *Phillip Morris USA, Inc. v. Castworld Productions* (C.D. Cal. 2003) 219 F.R.D. 494, 500.  Here, all defendants were properly served with the First Amended Complaint (RJN, ¶¶ 4, 7, 9, 11; Compendium, Exs. 6, 9, 10, 11.)  RUBEN EXPRESS and YADWINDER SINGH made no response, and their defaults were accordingly entered.  (RJN, ¶¶ 6, 14, 15, 16; Compendium, Exs. 8, 16, 17, 18.)  UNITED SPECIALTY granted CODY WOLFE and ELIJAH SOTO an extension to respond to the First Amended Complaint.  (RJN, ¶ 10; Compendium, Ex. 12.)  However, they filed a motion for a further extension of time on the last day to file a response (which was 14 days after the extension was filed with the Court), and the Court struck their motion for failure to comply with Local Rules 144, 230 and/or 233.  (RJN, ¶ 18; Compendium, Ex. 23.)  Therefore, although given sufficient opportunity to do so, none of the Defendants timely filed a response to the First Amended Complaint in this matter.  Accordingly, this factor favors entry of default judgment. *See Magic Leap, Inc. v. Tusa Tuc* (N.D. Cal. 2017) 2017 WL 10456729, at *3.

### 6. Policy of Deciding Cases on the Merits

The seventh *Eitel* factor involves the "general rule that default judgments are ordinarily disfavored." *Eitel v. McCool, supra*, 782 F.2d at 1472.  "Cases should be decided upon the merits whenever reasonably possible." *Id*. (*citing Pena v. Seguros La Comersial, S.A.* (9th Cir. 1985) 770 F.2d 811, 814.  The Defendants' failure to timely respond to the First Amended Complaint rendered a decision on the merits impossible. *Pepsico, Inc. v. California Security Can.* (C.D. Cal. 2002) 238 F.Supp.2d 1172, 1177.  Accordingly, this factor should not prevent the entry of the requested default judgment.

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

## V.  DEFENDANTS HAVE BEEN SERVED WITH NOTICE OF UNITED SPECIALTY'S  APPLICATION FOR DEFAULT JUDGMENT BY COURT

In accordance with Federal Rule of Civil Procedure 55(b)(2), UNITED SPECIALTY caused Defendants to be served with this Application for Default Judgment By Court via First Legal by personal service to the following addresses where they were served with the First Amended Summons and Complaint herein:

| NAME | TITLE | SERVICE METHOD |
|------|-------|----------------|
| RUBEN EXPRESS, INC. | Defendant | By Personal Service to Ruben Express, Inc. 4403 Oceanrock Avenue Bakersfield, CA  93313 |
| YADWINDER SINGH | Defendant | 6402 Ashe Road Bakersfield, CA 93313 |
| ELIJAH SOTO | Defendant | 11507 Holstein Street Fulton, MD  20759 |
| CODY WOLFE | Defendant | 6362 Sykesville Road Eldersburg, MD  21784 |

## VI.  CONCLUSION

For the foregoing reasons, UNITED SPECIALTY respectfully requests that the Court enter a Default Judgment for Declaratory Relief against defendants RUBEN EXPRESS, YADWINDER SINGH, CODY WOLFE and ELIJAH SOTO as follows:

1.  A declaration that UNITED SPECIALTY has no duty to defend the Underlying Action;

27

2. A declaration that UNITED SPECIALTY has no duty to indemnify for any settlement or judgment or judgment in the Underlying Action under the Policy;

3. A declaration that, at best, UNITED SPECIALTY can only be responsible under the MCS-90 Endorsement for payment toward any final judgment secured against its named insured up to the amount of $750,000, subject to a right of reimbursement.

4. For costs of suit.

Respectfully Submitted,

DATED:  November 1, 2023    FREEMAN MATHIS & GARY, LLP

By: _____
Attorneys for Plaintiff UNITED SPECIALTY
INSURANCE COMPANY

Freeman Mathis & Gary, LLP
ATTORNEYS AT LAW

Case No. 1:23-cv-00383-JLT-CDB
NOTICE OF UNITED SPECIALTY INSURANCE COMPANY'S COUNTER APPLICATION/MOTION FOR
DEFAULT JUDGMENT BY THE COURT AGAINST DEFENDANTS